# EXHIBIT C

# STATE COURT FILE

**2022-AC09589**

Electronically Filed - City of St. Louis - October 19, 2020 - 10:04 AM

## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## STATE OF MISSOURI
## ASSOCIATE DIVISION

**JOAN VAUGHN**,

     Plaintiff,

v.

**NCB MANAGEMENT SERVICES, INC.**

Serve at:
    C T Corporation System
    208 S La Salle St., Suite 814
    Chicago, IL 60604

    Defendant.

Cause No

Division

**JURY TRIAL DEMANDED**

### PETITION

COMES NOW Joan Vaughn ("Plaintiff"), by and through her undersigned counsel, and for her petition states as follows:

### INTRODUCTION

1.    This is an action for actual and statutory damages brought to the Court by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2.    Plaintiff demands a trial by jury on all issues so triable.

### JURISDICTION

3.    This Court has jurisdiction of the FDCPA claim under 15 U.S.C. § 1692k(d), as Defendant's collection activity was directed to Plaintiff at her residence in Missouri. Plaintiff

Electronically Filed - City of St. Louis - October 19, 2020 - 10:04 AM

suffered the harms described herein in Missouri. Venue is proper in the City of St. Louis, Missouri for this reason.

## PARTIES

4.      Plaintiff is a natural person currently residing in Franklin County, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA.

5.      The alleged debt Plaintiff owes arises out of consumer, family, and household transactions. Specifically, the alleged debt arose from consumer purchases of goods and services Plaintiff made on her Westlake Financial Services account.

6.      Plaintiff has a bona-fide dispute of the debt. While Plaintiff did purchase consumer goods and services on her Westlake Financial Services  account, the balance alleged of $7,830.66 is not accurate to the best of Plaintiff's understanding as it overstates any amount that could be due or owing to Defendant.

7.      Defendant NCB Management Services, Inc. ("Defendant") is a foreign limited liability company with its principal place of business located outside the state of Missouri.

8.      The principal business purpose of Defendant is the collection of debts nationwide; Defendant regularly attempts to collect debts alleged to be due to another entity.

9.      Defendant is engaged in the collection of debts from consumers through means of using mail and telephone.  Defendant is a "debt collector" as defined by the FDCPA.  15 U.S.C. §1692a(6).

## FACTS

10.     Defendant's collection activity, of which Plaintiff disputes, occurred within the previous twelve (12) months.

Electronically Filed - City of St. Louis - October 19, 2020 - 10:04 AM

11.    On August 12, 2020, Defendant attempted to collect the alleged consumer debt from Plaintiff via mail by sending its collection letter to Plaintiff. Plaintiff received this collection letter on approximately August 19, 2020, which stated a balance of $7,830.66.

12.    Plaintiff believed the balance to be suspicious for the reasons stated above.

13.    Accordingly, Plaintiff hired an attorney to advise her with respect to the debt that Defendant was trying to collect.

14.    Plaintiff paid her attorney a significant fee for this representation to ensure that Defendant would be compelled to deal with her attorney once Plaintiff informed Defendant that she had retained counsel.

15.    Shortly after retaining counsel, Plaintiff called Defendant to provide her attorney's contact information.

16.    After verifying her identity, Plaintiff informed Defendant that she had hired an attorney to represent her on the debt Defendant was collecting and provided the name of her attorney to the Defendant.

17.    Defendant, rather than taking attorney's contact information, proceeded to ignore Plaintiff's statement of being represented by an attorney.

18.    Defendant proceeded to collect the debt directly from Plaintiff, even though it had been informed that Plaintiff hired counsel. Specifically, Defendant told Plaintiff, "Just by them being an attorney doesn't mean that they get better deals" and that "We would give you the best deal."

Electronically Filed - City of St. Louis - October 19, 2020 - 10:04 AM

19.    Defendant wanted to make Plaintiff's decision to hire counsel seem like an unbeneficial one. Defendant was attempting to get Plaintiff to settle directly with Defendant by making it seem as though Defendant would not work with Plaintiff's attorney.

20.    This was an attempt to collect the debt from Plaintiff and to bypass Plaintiff's retained counsel by trying to get Plaintiff to settle the debt directly with Defendant.

21.    Defendant proceeded to ask Plaintiff personal questions about finances for nearly five minutes, before Defendant reiterated once again that she would like her attorney to represent her on the debt.

22.    Defendant's conduct showed blatant disregard for Plaintiff's right to cause debt collection communications to stop upon provision of Plaintiff's attorney information.

23.    Defendant's above-described conduct has caused Plaintiff to incur actual damages including but not limited to attorneys' fees paid to her counsel, anxiety, frustration, and worry.

24.    Further, Defendant's above-described conduct has caused Plaintiff to suffer the following additional injuries in fact:

a.    Plaintiff has been deprived of her statutorily created right to cause debt collection communication to cease upon provision of her attorney's contact information; and

b.    Plaintiff has been deprived of her statutorily created right to truthful information about the debt because Defendant misrepresented the amount of the debt.

25.    The injuries in fact are fairly traceable to the challenged actions of Defendant in that Defendant engaged in the phone call with Plaintiff.

26.    Plaintiff's injuries in fact are likely to be redressed by a favorable decision in this Court.

Electronically Filed - City of St. Louis - October 19, 2020 - 10:04 AM

## COUNT I: VIOLATION OF THE FDCPA

27.   Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

28.   In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, 15 U.S.C. § 1692 et seq., including, but not limited to, the following:

a.   Falsely representing the character, amount, or legal status of the alleged debts, specifically the fact that Plaintiff was not entitled to attorney representation on the debt and the amount of the debt as stated in the phone call.  15 U.S.C. § 1692e; and

b.   Engaging in harassing, abusive, deceptive, misleading, unfair, and unconscionable conduct in the collection of a debt, including but not limited to refusing to acknowledge Plaintiff's right to counsel.  15 U.S.C. § 1692d-f; and

c.   Refusing to cease collection communications with Plaintiff once Defendant knew or should have known that Plaintiff was represented by counsel.  15 U.S.C. § 1692c.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

A.   Judgment that Defendant's conduct violated the FDCPA;

B.   Actual damages in an amount to be determined by the jury;

C.   Statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k); and

D.   For such other relief as the Court may deem just and proper.

Electronically Filed - City of St. Louis - October 19, 2020 - 10:04 AM

Respectfully submitted,

**ROSS & VOYTAS, LLC**

By: /s/ Richard A. Voytas, Jr. _____
Richard A. Voytas, #52046
St. Louis, MO 63131
Phone: (314) 394-0605
Fax:    (636) 333-1212
rick@rossvoytas.com

Attorney for Plaintiff

**2022-AC09589**

Electronically Filed - City of St. Louis - October 19, 2020 - 10:04 AM

In the
# CIRCUIT COURT
## City of St. Louis, Missouri

JOAN VAUGHN
_____

Plaintiff/Petitioner

October 19, 2020
_____
Date

vs.

NCB MANAGEMENT SERVICES, INC.
_____

Defendant/Respondent

_____
Case number

_____
Division

For File Stamp Only

## <u>REQUEST FOR APPOINTMENT OF PROCESS SERVER</u>

Comes now ___Plaintiff_____, pursuant

Requesting Party

to Local Rule 14, requests the appointment by the Circuit Clerk of

Michael A. Jones _____ 4101 S Halsted St., Ste. 9191 _____ 7737766610

Name of Process Server      Address                                Telephone
                            Chicago IL 60609
_____

Name of Process Server      Address                                Telephone

_____

Name of Process Server      Address                                Telephone

to serve the summons and petition in this cause on the below named parties.

SERVE:                                    SERVE:

C T Corporation System - Rgt. Agt. for NCB
_____          _____
Name                                       Name
208 S La Salle St., Suite 814
_____          _____
Address                                    Address
Chicago, IL 60604
_____          _____
City/State/Zip                             City/State/Zip

SERVE:                                    SERVE:

_____          _____
Name                                       Name

_____          _____
Address                                    Address

_____          _____
City/State/Zip                             City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk

/s/ Richard A. Voytas, Jr.
_____
Attorney/Plaintiff/Petitioner
52046
By_____          _____
      Deputy Clerk                         Bar No.
                                           12444 Powerscourt Dr., Ste 370., St. Louis MO
_____          _____
                                           Address
                                           3143940605
_____          _____
Date                                       Phone No.

Electronically Filed - City of St. Louis - October 19, 2020 - 10:04 AM

**RULE 14 SPECIAL PROCESS SERVERS**

1. Any person appointed by the Court or the Circuit Clerk to serve process must have a license issued pursuant to this rule to serve process.

2. Licenses to serve process shall be issued by the Sheriff of the City of St. Louis if the applicant has met the following qualifications:

   a. Is twenty-one years of age or older;

   b. Has a high school diploma or an equivalent level of education;

   c. Has insurance coverage for any errors or omissions occurring in the service of process;

   d. Has not been convicted, pleaded guilty to or been found guilty of any felony, or of any misdemeanor involving moral turpitude; and,

   e. Has passed a training course for the service of process which shall be administered by the Sheriff of the City of St. Louis.

3. Each applicant for a process server license under the provisions of this rule shall provide an affidavit setting forth such person's legal name, current address, any other occupations and current telephone numbers.  Licensed process servers shall immediately notify the Sheriff of the City of St. Louis of any change in the above information, and the failure to do so shall constitute good cause for the revocation of such person's license.

4. The Sheriff of the City of St. Louis shall maintain a list of persons licensed to serve process pursuant to this rule, and shall make such list available to litigants upon request.

5. A photo identification card designed by the Sheriff of the City of St. Louis shall be issued in addition to the license.  No other identification will be allowed.  All licenses must be signed and approved by the Sheriff of the City of St. Louis and the Presiding Judge or his designee.

6. A license fee recommended by the Sheriff and approved by the Court En Banc shall be charged to cover the costs of compiling and maintaining the list of process servers and for the training of such process servers.  The license fees shall be made payable to the Sheriff of the City of St. Louis.

Electronically Filed - City of St. Louis - October 19, 2020 - 10:04 AM

7. A license for service of process issued under this rule may be revoked by the Sheriff with the approval of the Presiding Judge or his designee, for any of the following reasons:

   a. Misrepresentation of duty or authority;

   b. Conviction, guilty plea or finding of guilty of any state or federal felony, or a misdemeanor involving moral turpitude;

   c. Improper use of the license;

   d. Making a false return; or

   e. Any other good cause.

   Provided, no service of process made by an appointed process server with a revoked license shall be void if the Court or Circuit Clerk made the appointment in good faith without knowledge of the license revocation.

8. Any person authorized to serve process may carry a concealed firearm as allowed by Section 506.145, RSMo, only while actually engaged in the service of process and only if the person has passed a firearms qualification test approved by a law enforcement agency; provided, however, that any licensed special process server may file a written waiver of the right to carry a concealed firearm and thereby avoid the requirements of firearm training and testing.  Any violation of this section shall be considered beyond the scope of the privilege to carry a concealed weapon that is granted by the appointment, and shall constitute good cause for the revocation of the license.

9. Applications for the appointment of a special process server shall be made on forms available in the offices of the Sheriff and Circuit Clerk.  Orders Appointing special process servers may list more than one licensed server as alternatives.

10. The licenses granted pursuant to this rule shall be good for two years.  Each person granted a license shall be required to reapply at the expiration of the license and shall be required to provide all the information required in the initial application, including a current police record check.

(Approved 9/28/92; amended 11/23/92; 5/31/95; 12/17/07)

2022-AC09589

Electronically Filed - City of St. Louis - October 19, 2020 - 10:04 AM

In the

# CIRCUIT COURT
## City of St. Louis, Missouri

JOAN VAUGHN
_____
Plaintiff/Petitioner

October 19, 2020
_____
Date

vs.

NCB MANAGEMENT SERVICES, INC.
_____
Defendant/Respondent

Case number
_____

Division
_____

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now _Plaintiff_____, pursuant
               Requesting Party

to Local Rule 14, requests the appointment by the Circuit Clerk of

| Michael A. Jones | 4101 S Halsted St., Ste. 9191 | 7737766610 |
|---|---|---|
| Name of Process Server | Address Chicago IL 60609 | Telephone |
| | | |
| Name of Process Server | Address | Telephone |
| | | |
| Name of Process Server | Address | Telephone |

to serve the summons and petition in this cause on the below named parties.

SERVE:

C T Corporation System - Rgt. Agt. for NCB
_____
Name
208 S La Salle St., Suite 814
_____
Address
Chicago, IL 60604
_____
City/State/Zip

SERVE:

_____
Name

_____
Address

_____
City/State/Zip

SERVE:

_____
Name

_____
Address

_____
City/State/Zip

SERVE:

_____
Name

_____
Address

_____
City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk

By_____
   Deputy Clerk

10 - Z3-20
_____
Date

/s/ Richard A. Voytas, Jr.
_____
Attorney/Plaintiff/Petitioner
52046
_____
Bar No.
12444 Powerscourt Dr., Ste 370., St. Louis MO
_____
Address
3143940605
_____
Phone No.



## SPECIAL PROCESS SERVER

# IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>NICOLE JEAN COLBERT BOTCHWAY | Case Number: 2022-AC09589 | Special Process Server 1<br><br>M JONES |
|---|---|---|
| Plaintiff/Petitioner:<br>JOAN VAUGHN | Plaintiff's/Petitioner's Attorney/Address or<br>Pro Se's Address/Telephone Number:<br>RICHARD ANTHONY VOYTAS | Special Process Server 2 |
| vs. | 12444 POWERSCOURT DRIVE<br>SUITE 370 | |
| Defendant/Respondent:<br>NCB MANAGEMENT SERVICES, INC. | ST LOUIS, MO  63131<br>(314) 394-0605 | Special Process Server 3 |
| Nature of Suit:<br>AC Other Tort | Date, Time and Location of Court Appearance:<br>18-NOV-2020 09:30 AM<br>Division 28<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101<br>Please see the attached information for appearing via<br>WebEx.  WebEx connection information may also be found<br>at http://www.stlcitycircuitcourt.com/ | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Associate Division Cases)

The State of Missouri to:  NCB MANAGEMENT SERVICES, INC.
Alias:
**208 S LA SALLE ST., SUITE 814**
**CHICAGO, IL  60604**

*COURT SEAL OF*

You are summoned to appear before this court physically if the court is open to the public or virtually if not on the date, time and location above, to answer the allegation in the petition filed by the above-named plaintiff/petitioner, a copy of which is attached. If you fail to appear at the time and place stated in this summons, judgment by default will be taken against you for the relief demanded in the petition.**Due to COVID19 challenges, virtual appearances by Webex.com are required until further order of this Court. **
If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

*CITY OF ST LOUIS*

_____October 23, 2020_____
Date

_____ (signature)

Further Information:

---

### Officer's or Server's Affidavit of Service

**Note to serving officer:** Service must not be made less than 10 days nor more than 60 days from the date the defendant/respondent is to
appear in court.

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state)
3.  I have served the above summons by: (check one)
  ☐  delivering a copy of the summons and a copy of the petition to the defendant/respondent.
  ☐  leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with
  _____, a person of the defendant's/respondent's family over the age of 15 years who
  permanently resides with the defendant/respondent.
  ☐  (for service on a corporation) delivering a copy of the summons and a copy of the petition to:
  _____ (name) _____ (title).
  ☐  other: _____.

Served at _____ (address) in _____ County,
_____ (state) on this _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                                     Signature of Sheriff or Server
**Subscribed and sworn to** before me this _____ (day) _____ (month) _____ (year).
I am: (check one)  ☐ the clerk of the court of which affiant is an officer.
  ☐ the judge of the court of which affiant is an officer.
*(Seal)*  ☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for
  out-of-state officer)
  ☐ authorized to administer oaths. (use for court-appointed server)

_____
Signature and Title

28

## Information For Virtual Appearances via Webex Associate Circuit Civil Cases – Page 1

During the Coronavirus pandemic ( COVID-19) , **the 22ˢᵗ Judicial Circuit (St. Louis City)** has remained open and operational with limited access for in-person appearances pursuant to Missouri Supreme Court Orders and Operational Directives.  Until further court order, all associate civil cases pending in **Divisions 28** will be conducted virtually via the **Webex** or other court approved video technology.

In order to participate through **Webex** or other court approved video technology, you **MUST** have a valid email address or access to a phone.

You may appear in one of three ways:

1. Attend by **Webex** or other court approved video technology (computer or smart phone);
2. Attend by **Webex** or other court approved audio technology (telephone);
3. If you do not have computer or phone access you can report to the Sheriff's Desk on the above date and time to request use.
   Please provide a copy of your court order setting the case for hearing on said date.
4. **Only appear in person if you have been informed that Division 28 will conduct in person proceedings  for your case on the date for your hearing is set.** To check on your case by telephone call **Division 28 at 314-613-3185 or the circuit clerk's office at 622-4433** during regular business hours. You can access your case online on CaseNet at www.courts.mo.gov

**If you fail to appear at your scheduled Court hearing by one of the above  methods , a default judgment may be entered against you.**

**To appear at the Webex hearing please follow the steps below:**

**Parties are required to appear in court on the date ordered physically if the courthouse is open for your specific proceeding or virtually using the below URL link and/or Audio Connection using Meeting Number/Access Code 961 544 759**

**URL:**
**https://mocourts.webex.com/join/nicole.colbert-botchway**

**Meeting Number:**
**961 544 759**

**Video Address:**
**nicole.colbert-botchway@mocourts.webex.com**

**Audio connection:**
**United States Toll +1-408-418-9388**

**Access code:**
**961 544 759**

## Additional Information For Self-Represented Litigants on Associate Circuit Civil Cases – Page 2

1. The **WebEx** app is free and available through all phone app stores, such as the Google Play store or iTunes.  The call in number is a toll call.

2. At the time of your scheduled hearing, you should log into **Webex** or call in using the audio connection above.

3. If you have any questions, please call the **Division 28 court clerk at 314-613-3185**.

4. VIDEO OR AUDIO RECORDING by litigants or by counsel **IS PROHIBITED**.

5. Until your next court date, please consider the following:

   - You can monitor the status of your case online on CaseNet at www.courts.mo.gov.  Use the "Track this Case" feature to automatically receive emails or text messages about your case.

   - **Before coming to the courthouse**, please check the St. Louis City Circuit Court website **at www.stlcitycircuitcourt.com** to determine whether the courthouse will be open on the day of your scheduled court hearing.

   - To check on your case by telephone call **Division 28 at 314-613-3185 or the circuit clerk's office at 622-4433** during regular business hours. Due to the increased volume of calls, court clerks may not be available at all times to answer questions via telephone.

   - You have the right to hire an attorney to represent you.

   - Attorneys must **mark and** e-file all documents.

   - If you are not represented by a lawyer, you may file answers or other pleadings with the court by mail, or **when the Court is open to the public** come in person to the St. Louis **City Circuit Clerk's office, 10 North Tucker, St. Louis, MO 63108.**

Electronically Filed - City of St. Louis - November 19, 2020 - 01:59 PM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**STATE OF MISSOURI**
**ASSOCIATE DIVISION**

JOAN VAUGHN,

Plaintiff,

v.

NCB MANAGEMENT SERVICES, INC.,

Defendant.

Case No 2022-AC09589

Division        28

**MOTION FOR CONTINUANCE**

COMES NOW Plaintiff Joan Vaughn, by and through her undersigned counsel, and requests this Court a continuance from a November 18, 2020 at 9:30 a.m. court date to a December 16, 2020 at 9:30 a.m. court date.

Respectfully submitted,

**ROSS & VOYTAS, LLC**

By: /s/ Richard A. Voytas, Jr.
Richard A. Voytas, Jr., #52046
rick@rossvoytas.com
12444 Powerscourt Drive, Ste 370
St. Louis, MO 63131
Phone: (314) 394-0605
Fax: (636) 333-1212

Attorney for Plaintiff

1

Electronically Filed - City of St. Louis - November 19, 2020 - 01:59 PM

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was served by operation of the electronic filing system pursuant to Rule 103.08 and Court Operating Rule 27.01 this 19th day of November, 2020.

/s/ Richard A. Voytas, Jr.



Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print          GrantedPublicAccess  Logoff JAMESMORRIS

## 2022-AC09589 - JOAN VAUGHN V NCB MANAGEMENT SERVICES INC (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

**Click here to eFile on Case**
**Click here to Respond to Selected Documents**

Sort Date Entries: ● Descending   ○ Ascending          Display Options: [All Entries ▾]

---

**11/19/2020** ☑ **Motion for Continuance**
Motion for Continuance.
        **Filed By:** RICHARD ANTHONY VOYTAS
        **On Behalf Of:** JOAN VAUGHN

**11/18/2020** ☑ **Hearing Scheduled**
        **Scheduled For:** 01/13/2021;  9:30 AM ;  NICOLE JEAN COLBERT BOTCHWAY;  City of St. Louis

☑ **Hearing Continued/Rescheduled**
        **Hearing Continued From:** 11/18/2020;  9:30 AM Hearing

**10/23/2020** ☑ **Summons Issued-Associate**
Document ID: 20-ASOS-485, for NCB MANAGEMENT SERVICES, INC..

☑ **Hearing Scheduled**
        **Associated Entries: 11/18/2020 - Hearing Continued/Rescheduled**
        **Scheduled For:** 11/18/2020;  9:30 AM ;  NICOLE JEAN COLBERT BOTCHWAY;  City of St. Louis

**10/19/2020** ☑ **Filing Info Sheet eFiling**
        **Filed By:** RICHARD ANTHONY VOYTAS

☑ **Motion Special Process Server**
Request for Appointment of Process Server.
        **Filed By:** RICHARD ANTHONY VOYTAS
        **On Behalf Of:** JOAN VAUGHN

☑ **Pet Filed in Associate Ct**
Petition.
        **Filed By:** RICHARD ANTHONY VOYTAS

☑ **Judge Assigned**

---

Case.net Version 5.14.12                    Return to Top of Page                    Released 11/10/2020